THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FREDERICK SCHNEIDER | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-708 (JBS) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, <u>et al.</u>, |  |
| Defendants. |  |

**SIMANDLE**, District Judge:

This matter is before the Court on Plaintiff's application to proceed <u>in forma pauperis</u>.  THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff Frederick Schneider, <u>pro se</u>, filed this action against a long list of federal and private defendants, asserting claims premised upon New Jersey tort law and multiple federal constitutional and statutory laws.

2.  Plaintiff has filed an application to proceed <u>in forma pauperis</u>, which the Court must review pursuant to 28 U.S.C. § 1915.  Under that section, "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The statute further provides that "[n]otwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." § 1915(e)(2).

3.   Based upon the contents of Plaintiff's application, the Court finds that Plaintiff is unable to pay the costs of initiating these proceedings and will grant his application to proceed in forma pauperis under § 1915(a).  For the reasons set forth below, however, the Court has determined that Plaintiff's action "fails to state a claim on which relief may be granted" and will accordingly dismiss the case pursuant to § 1915(e)(2)(B)(ii).

4.   The Court is well acquainted with Plaintiff's claims against the United States, the Department of Housing and Urban Development ("HUD"), and various private individuals associated with the Best of Life Park Apartments ("BLPA") complex located in Atlantic City, New Jersey.  On July 14, 2006, Plaintiff filed a lawsuit against, inter alia, the United States and many of the same private individuals affiliated with BLPA, asserting claims premised upon New Jersey tort law.  See Schneider v. United States ("Schneider I"), Civil Action No. 06-3200 (JBS), dkt. item 1.  After several defendants in that case moved to dismiss for lack of subject matter jurisdiction, the Court permitted Plaintiff to amend his Complaint to assert a claim premised upon

federal law.  Schneider I, dkt. item 36.  Plaintiff filed an
Amended Complaint with a new claim alleging that the defendants
violated a laundry list of constitutional and statutory federal
laws.  Schneider I, dkt. item 37.

5.  On August 15, 2007, Plaintiff filed another complaint
with this Court, naming as defendants the BLPA Defendants, the
United States, HUD, and various HUD employees.  See Schneider v.
United States, et al., Civil Action No. 07-3887 (JBS) ("Schneider
II"), dkt. item 1.  Plaintiff's complaint in Schneider II was
nearly identical to the Complaint presently under consideration.
On November 20, 2007, the Court wrote Plaintiff a letter
informing him that the Court was unable to make its determination
as to whether to grant Plaintiff's request to proceed in forma
pauperis under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's
Complaint was unclear.  Schneider II, dkt. item 2.  In its
letter, the Court directed Plaintiff as follows:

> I ask that you amend your Complaint within fifteen (15)
> days of the entry of this letter order and clarify what
> happened to you, who inflicted what injuries on you, and
> what relief you are seeking.  It is unclear to me what
> each Defendant allegedly did to you and how you were
> harmed by that conduct.

Id.

6.  Plaintiff did not amend his complaint in Schneider II to
clarify the matters raised in the Court's November 20, 2007
letter.  Instead, Plaintiff voluntarily dismissed his complaint
in Schneider II and filed a motion to amend his complaint in

Schneider I to include the Schneider II claims.  Schneider I,
dkt. item 99.

7.  On March 7, 2008, the Court granted the defendants'
motion to dismiss Plaintiff's complaint in Schneider I.  With
regard to Plaintiff's federal claims, the Court stated that

> Just as a plaintiff's "formulaic recitation of the
> elements of a cause of action" is insufficient to satisfy
> Rule 8(a)'s liberal pleading requirements, [Bell Atl.
> Corp. v. Twombly, ____ U.S. ____ , 127 S. Ct. 1955, 1964
> (2007)], the recitation of a laundry list of statutes
> with what at best can be described as having an
> indistinct tie to the facts alleged in the Amended
> Complaint does not constitute "a short and plain
> statement of the claim showing that the pleader is
> entitled to relief," which the Federal Rules of Civil
> Procedure require that even pro se litigants' pleadings
> contain.  F. R. Civ. P. 8(a)(2).

Schneider I, dkt. item 113 at 12-13.

8.  In its March 7, 2008 Opinion and Order, the Court also
denied Plaintiff's motion to file a second amended complaint to
add the claims and defendants contained in his complaint in
Schneider II:

> The futility of permitting Plaintiff another opportunity
> to amend his Complaint is evidenced by the fact that his
> new pleading, just as the claims contained in his now-
> dismissed Count Four, is very difficult to decipher and
> similarly insufficient to put any of the defendants on
> notice as to what violations of law they are alleged to
> have committed.  See In re Burlington Coat Factory
> Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997)
> ("'Futility' means that the complaint, as amended, would
> fail to state a claim upon which relief could be
> granted.").  In its November 20, 2007 letter to Plaintiff
> in response to his application to proceed in forma
> pauperis in Schneider II, the Court informed Plaintiff
> that his filing was "unclear," that the Court could not
> decipher "what each Defendant allegedly did to

4

> [Plaintiff] and how [he was] harmed by that conduct," and
> asked Plaintiff to "clarify what happened to . . . [him
> and] who inflicted what injuries on [him]." Schneider
> II, dkt. item 2.  Plaintiff has not responded to these
> concerns in his motion to amend, but instead seeks only
> to "incorporate the additional Best of Life Park
> Apartment Defendants and the newly charged HUD
> Defendants, together with the additional alleged
> violations of law by all Defendants as presented in [his]
> Civil Complaint . . . [in Schneider II] into the instant
> Civil Complaint." (Pl.'s Br. 3-4.)  In the face of the
> Court's express instructions as to how to bring his
> filings into compliance with the undemanding requirements
> of Rule 8(a), F. R. Civ. P., Plaintiff has effectively
> resubmitted the pleading that the Court has already
> advised Plaintiff was insufficient to state a claim.

Schneider I, dkt. item 113 at 24-25.  The Court accordingly

denied Plaintiff's motion to file a second amended complaint.

9.  Mr. Schneider has now re-filed the claims that the Court

has already held were insufficient to state a claim in this new

action, Schneider III.  For the reasons stated in the Court's

March 7, 2008 Opinion in Schneider I, the Court finds that the

contents of the instant, nearly identical Complaint are

insufficient to state a claim and will be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).  This Complaint contains the very

claims that the Court has twice found to be insufficient to state

a claim for which relief can be granted, and will accordingly be

dismissed.  The accompanying Order will be entered.


**May 23, 2008**                        **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge