IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FREDERICK SCHNEIDER | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 08-708 (JBS) |
| v. | : |  |
| UNITED STATES OF AMERICA, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : |  |

**SIMANDLE**, District Judge:

This matter is before the Court upon its multiple Orders calling upon Plaintiff Frederick Schneider to file an Amended Complaint [Docket Items 10, 13], and Plaintiff's failure to comply therewith.  THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff Frederick Schneider, proceeding pro se, filed this action against a long list of federal and private defendants, asserting claims premised upon New Jersey tort law and multiple federal constitutional and statutory laws.

2.  Because Mr. Schneider sought to proceed in forma pauperis, this Court examined his Complaint pursuant to 28 U.S.C. § 1915(e)(2) to assess whether his Complaint "is frivolous or . . . fails to state a claim on which relief may be granted."  In its May 23, 2008 Memorandum Opinion and Order [Docket Items 4 and 5], the Court determined that Plaintiff's Complaint failed to state a claim for which relief may be granted.  In particular, the Court noted that the Complaint in this action asserted the very claims

that this Court, in a prior action under Civil Action Number 06-3200, dismissed for failure to state a claim, and accordingly dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  Mr. Schneider appealed the May 23, 2008 Order, and the Court of Appeals subsequently affirmed in part and vacated in part this Court's Opinion and Order.  (App. No. 08-2640, Dec. 2, 2008 Opinion and Judgment.)   The Court of Appeals explained:

> In this case, the District Court correctly stated that Schneider's present complaint is nearly identical to his proposed second amended complaint [in the 06-3200 action], and the District Court thus did not abuse its discretion in dismissing the claims that Schneider had raised in his proposed second amended complaint . . . .
>
> [However,] Schneider [also] claimed in his present complaint that he was wrongfully evicted on December 14, 2007, in retaliation for filing his earlier federal action.  Although Schneider alleged in his proposed second amended complaint [in the 06-3200 action] that he had been threatened with eviction, he did not assert a retaliation claim.  Nor does it appear that he could have – his motion to amend was filed on November 30, 2007, before the eviction allegedly occurred.  Thus, the denial of the motion to amend does not preclude Schneider from pursuing this claim.  See [Curtis v. Citibank, N.A., 226 F.3d 133, 139-40 (2d Cir. 2000) (applying normal claim preclusion analysis where motion to amend is denied)].  Because it is not clear that Schneider fails to state a retaliation claim, we will vacate the District Court's order to the extent it dismissed this claim and remand for further proceedings.

(Id. at 6-7.)

4.  Upon remand, this Court followed up on the Court of Appeals' observation that Mr. Schneider's Complaint was unclear about his claim of retaliation in his subsequent eviction, in order to give him the opportunity to clarify the basis for his

2

claim, the defendant or defendants he sought to hold responsible for the eviction, and the basis for this Court's jurisdiction to hear an eviction claim. This Court entered a Letter Order on February 20, 2009 [Docket Item 10] calling upon Mr. Schneider to clarify his pleadings in order to bring them into compliance with Rule 8, Fed. R. Civ. P. Specifically, the February 20, 2009 Letter Order stated:

> Before your case can be processed, it will be necessary for you to file an Amended Complaint in this docket which complies with the pleading requirements. First, please state the basis of the Court's jurisdiction. Second, set forth the identification of each defendant whom you are suing for retaliatory eviction. Third, as required by Rule 8(a), Federal Rules of Civil Procedure, please set forth a short and plain statement of the claim showing that you are entitled to relief, and a demand for the relief you are seeking, which may include relief in the alternative or different types of relief. See Rule 8(a)(1)-(3). In other words, it is important that you be specific as to each allegation you are making regarding your retaliatory eviction with respect to each defendant whom you are naming. Be sure to sign your amended complaint and to include your address, e-mail address if any, and telephone number.

(Docket Item 10 at 1.) The Letter Order required that Mr. Schneider's Amended Complaint be filed by March 12, 2009. (Id.)

5. Mr. Schneider did not file an Amended Complaint or respond to the Order in any manner. On April 3, 2009 – more than three weeks after the deadline for the submission of an amended pleading had expired – the Court again wrote to Mr. Schneider [Docket Item 13] to afford him the opportunity to file an Amended Complaint in order for this action to proceed. The Court

reiterated the instructions set forth in the February 20, 2009
Letter Order, and explained:

> It is well past the deadline set in the February 20, 2009
> letter, and to date, you have not filed an Amended
> Complaint in accordance with the Court's instructions.
> If you intend to pursue your retaliatory eviction claim,
> you must file an Amended Complaint that complies with the
> requirements explained above within seven (7) days of the
> entry of this Letter Order.  <u>Because the case cannot
> proceed without such an Amended Complaint, if you do not
> file this submission within the next seven days, the
> Court will dismiss this case for failure to prosecute</u>.

(Docket Item 13 at 1-2) (emphasis added).  Once again, Mr.
Schneider failed to comply with the requirement to file an
Amended Complaint.

6.  In light of the considerations set forth by the Court of
Appeals in <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863,
868 (3d Cir. 1984), as well as the fact that a case cannot
proceed in the absence of a complaint that complies with Rule 8,
Fed. R. Civ. P., the Court will dismiss this case.  As the
Court's two Letter Orders make clear, Plaintiff's Complaint fails
to specify the basis for the Court's jurisdiction over his
retaliatory eviction claim, as Fed. R. Civ. P. 8 requires, and
does not satisfy Rule 8's requirement that a pleading contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief," Fed. R. Civ. P. 8(a)(2) – Plaintiff
merely asserts that a judgment of possession obtained by the Best
of Life Park Apartment Defendants was "in violation of federal
law."  (Compl. ¶ 20.)  In light of the deficiencies in

4

Plaintiff's pleading, the Court provided Mr. Schneider with detailed instructions as to the steps he was required to take in order to permit this action to proceed, and afforded Mr. Schneider two generous time periods in which to file his amended pleading.  Notwithstanding these instructions and the Court's explicit warning that his case would be dismissed if he failed to file an Amended Complaint, Plaintiff has not filed such an amended pleading.  Indeed, Mr. Schneider has taken no action whatsoever to pursue this potential remaining claim in the four months since this matter was remanded in December 2008.

7.  Dismissal is warranted for failure to abide by the two orders requiring a more specific pleading.  Plaintiff is personally responsible for the non-compliance.  The non-compliance occurred on multiple occasions.  An outcome other than dismissal is not warranted, as Mr. Schneider has offered no reason for his failure to define his own claim contrary to the prior Orders.  Without any response from Mr. Schneider, the Court is unable to determine whether his failure is willful, nor can it determine whether his claim may have some merit.  The Court extended the deadlines for such compliance and explained, in layman's terms, what Mr. Schneider needed to do.  Finally, the notion of having a case upon the docket that cannot proceed because the individual who filed the case does not describe his own claim is not tenable.

8.   Because this lawsuit cannot proceed without a complaint that complies with Rule 8, Fed. R. Civ. P., and in light of Mr. Schneider's failure to comply with the Court's multiple Orders requiring the filing of an Amended Complaint, the Court will dismiss this case.   The accompanying Order is entered.


**April 24, 2009**                          **  s/ Jerome B. Simandle  **
Date                                        JEROME B. SIMANDLE
                                            United States District Judge